UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-00562 DMG (JEMx)** | Date | March 13, 2012 |
| Title | *Ancelmo V. Ramos v. Bank of America, N.A., et al.* | Page | 1 of 6 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DISMISSING FIRST AMENDED COMPLAINT**

**I.
INTRODUCTION**

On January 23, 2012, Plaintiff Ancelmo V. Ramos filed the operative first amended complaint against Defendants Bank of America, N.A., IMPAC Funding Corporation, Mortgage Electronic Registration Systems, Inc., ReconTrust Company, and Deutsche Bank National Trust Company, raising five causes of action for (1) fraud; (2) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (3) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; (4) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; and (5) a preliminary injunction.

On February 7, 2012, Defendants filed a motion to dismiss the first amended complaint [Doc. # 24], currently set for hearing on March 16, 2012. The Court deems this matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, Defendants' motion is GRANTED.

**II.
LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Although a complaint need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citing *Papasan v. Allain*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-00562 DMG (JEMx)** | Date | March 13, 2012 |
|---|---|---|---|
| Title | *Ancelmo V. Ramos v. Bank of America, N.A., et al.* | Page | 2 of 6 |

478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Rather, the plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

"The theory of Rule 8(a), and of the federal rules in general, is notice pleading." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir.), *petition for cert. filed*, No. 11-834 (Dec. 30, 2011). Thus, "a complaint is required only to give the notice of the claim such that the opposing party may defend himself or herself effectively." *Id*. A plaintiff should include sufficient factual allegations, as opposed to conclusions and opinions, so that his or her legal claims are plausible.

Under Rule 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. Legal conclusions, in contrast, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 555).

## III.
## DISCUSSION

### A.    Fraud

Plaintiff's first cause of action is for fraud. To state a cause of action for fraud, a plaintiff must allege facts showing that (1) the defendant made a false representation, concealment, or nondisclosure; (2) with knowledge of its falsity; (3) with intent to defraud; (4) the plaintiff justifiably relied on the misrepresentation; and (5) suffered damages as a result. *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990, 22 Cal. Rptr. 3d 352 (2004) (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 638, 49 Cal. Rptr. 2d 377 (1996)). Allegations of intentional misrepresentation "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy Rule 9's heightened pleading requirement, averments of fraud "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

The basis of Plaintiff's fraud claim is unclear. Plaintiff asserts that on February 23, 2007, he signed a blank loan application and IMPAC, through its agent Optumax, falsified and processed the application. (1st Am. Compl. ¶¶ 13, 35.) Plaintiff does not explain *how* IMPAC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-00562 DMG (JEMx) | Date | March 13, 2012 |
|---|---|---|---|

| Title | *Ancelmo V. Ramos v. Bank of America, N.A., et al.* | Page | 3 of 6 |
|---|---|---|---|

falsified the loan application, *i.e.*, what was false about it. Moreover, Plaintiff alleges that he signed the loan application *before* IMPAC falsified it. Thus, he could not have relied on any of the falsified statements in signing the loan application. Finally, it is not obvious how any information that IMPAC falsified in the loan application could have damaged Plaintiff. "A lender is under no duty 'to determine the borrower's ability to repay the loan. The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's.'" *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 436, 113 Cal. Rptr. 3d 790 (2010) (citations and ellipsis omitted). Thus, Plaintiff could not have justifiably relied on any falsified information in the loan application in signing the note and deed of trust.

Plaintiff identifies no other misrepresentations that a specific Defendant made to him and upon which he relied to his detriment. Therefore, Plaintiff fails to state a claim for fraud and his first cause of action is dismissed with leave to amend.

### B.     Fair Debt Collection Practices Act

Plaintiff's FDCPA claim is entirely conclusory. Plaintiff alleges no specific facts giving rise to this cause of action, leaving Defendants to speculate as to the nature of his claim. Consequently, Plaintiff's second cause of action under the FDCPA is dismissed with leave to amend.

### C.     Real Estate Settlement Procedures Act

#### 1.     Failure To Respond To A Qualified Written Request

Plaintiff raises two claims under RESPA. First, Plaintiff alleges that on November 15, 2011 he sent letters to IMPAC, Bank of America, and Deutsche Bank, which Plaintiff contends were qualified written requests pursuant to 12 U.S.C. § 2605(e)(1)(B). (1st Am. Compl. ¶¶ 29, 58, Ex. Q.) In a letter dated December 2, 2011, Bank of America responded to Plaintiff stating that IMPAC was the owner of his loan. Bank of America further stated that the remainder of Plaintiff's concerns required further detailed analysis and that it would respond to his request after it had completed its investigation. (*Id.* ¶ 30, Ex. R.) On December 17, 2011, Plaintiff sent a second purported qualified written request to IMPAC and Bank of America. (*Id.* ¶ 31, Ex. S.) Plaintiff contends that Defendants failed to respond (or respond adequately) to the November 15 and December 17, 2011 letters. (*Id.* ¶ 58.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-00562 DMG (JEMx)** | Date | March 13, 2012 |
| Title | ***Ancelmo V. Ramos v. Bank of America, N.A., et al.*** | Page | 4 of 6 |

      A qualified written request is (1) a written correspondence other than notice on a payment coupon; (2) from a borrower; (3) to a mortgage loan servicer; (4) for information relating to the servicing of such loan; (5) that includes or otherwise enables the servicer to identify the borrower's name and account; and (6) includes either (a) a statement of the reasons for the borrower's belief that the account is in error or (b) sufficient detail to the servicer regarding other information sought by the borrower. 12 U.S.C. § 2605(e)(1).

      As an initial matter, this claim fails because Plaintiff does not identify which party is the loan servicer. Assuming, as it appears, that Bank of America was the servicer, Plaintiff's November 15, 2011 letter is not a qualified written request. Plaintiff's letter requests (1) a visual inspection of his original "wet ink signature" promissory note; (2) "[p]roof of the existence of the account or contract in the actual flesh and blood name of Ancelmo V. Ramos duly signed and witnessed by both parties **not a unilateral agreement** and upon which signed page there is reference to the entire agreement"; (3) proof that Bank of America is the holder in due course of the debt instrument and that it has not been sold to another party, available for visual inspection; and (4) a "[c]opy of the actual account whereby bank assay has occurred showing actual loss incurred of the alleged debt." (1st Am. Compl., Ex. Q (emphasis in original).)

      The first three "requests"—Plaintiff threatens Bank of America that its failure to respond "will be taken as an administrative default"—seek information that does not relate to the *servicing* of Plaintiff's loan, *i.e.*, information pertaining to Plaintiff's loan *payments*. *See* 12 U.S.C. § 2605(i)(3) ("The term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan."); *DeVary v. Countrywide Home Loans, Inc.*, 701 F. Supp. 2d 1096, 1108 (D. Minn. 2010) (finding that information regarding loan's ownership was not part of qualified written request); *MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 901 (N.D. Ill. 2000) (concluding that letter seeking "information about the validity of the loan and mortgage documents, but ma[king] no inquiry as to the status of the [borrowers'] account balance," did not relate to the loan's servicing and was not a qualified written request)). The fourth request lacks sufficient detail to enable Bank of America to adequately respond. Thus, none of the information sought in Plaintiff's November 15, 2011 letter to Bank of America falls within the scope of a qualified written request.

      Likewise, Plaintiff's December 16, 2011 letter makes requests that do not relate to the servicing of his loan. This letter also seeks to verify the ownership of his promissory note— notwithstanding that Bank of America had already done so—and visually verify that it was "still

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-00562 DMG (JEMx) | Date | March 13, 2012 |
|---|---|---|---|

| Title | *Ancelmo V. Ramos v. Bank of America, N.A., et al.* | Page | 5 of 6 |
|---|---|---|---|

in good condition." (1st Am. Compl., Ex. S.) The letter further requests "an affidavit, or a letter stipulating that you are a creditor following Generally Accepted Accounting Principles (GAAP) whereby true double entry book accounting was performed in issuing my loan showing a debit against the bank's assets as a result of my loan." (*Id*.) Lastly, it asks Bank of America to provide a chain of custody for the promissory note. (*Id*.) Because these requests do not seek information relating to the servicing of Plaintiff's loan, the December 16, 2011 letter is not a qualified written request.

Plaintiff's claim regarding a qualified written request fails as a matter of law and is therefore dismissed without leave to amend.

### 2. Failure To Provide A Good Faith Estimate

Plaintiff's second claim under RESPA is that IMPAC falsified a good faith estimate and did not make it available to him in violation of 12 U.S.C. § 2604(c). This section of RESPA does not give rise to a private right of action. *See Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir. 1997); *Delino v. Platinum Cmty. Bank*, 628 F. Supp. 2d 1226 (S.D. Cal. 2009) (citing *Collins*). Accordingly, this claim is also dismissed without leave to amend.

### D. Truth In Lending Act

In Plaintiff's fourth cause of action, he seeks rescission of his loan agreement based upon alleged TILA violations. TILA claims for rescission "must be brought within three years from the consummation of the loan, regardless whether notice of rescission is delivered within that three-year period." *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1328 (9th Cir. 2012). Plaintiff signed the promissory note and deed of trust on February 23, 2007 (1st Am. Compl. ¶¶ 14-15, Exs. C, D) but did not file the instant action until January 20, 2012. Thus, Plaintiff's TILA claims for rescission are time-barred and are dismissed without leave to amend.

### E. Preliminary Injunction

The Court previously denied Plaintiff's requests for preliminary injunctive relief [Doc. ## 8, 20]. Furthermore, requests for preliminary injunctive relief must be made via application or motion rather than in a complaint. *See* C.D. Cal. L.R. 65-1. Accordingly, Plaintiff's fifth cause of action for a preliminary injunction is dismissed without leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-00562 DMG (JEMx)** | Date | March 13, 2012 |
| Title | *Ancelmo V. Ramos v. Bank of America, N.A., et al.* | Page | 6 of 6 |

# III.
# CONCLUSION

In light of the foregoing, Defendants' motion to dismiss is **GRANTED** as follows:

1. Plaintiff's first cause of action for fraud and second cause of action for violations of the FDCPA are **DISMISSED** with leave to amend.

2. Plaintiff's third cause of action for RESPA violations, fourth cause of action for TILA violations, and fifth cause of action for a preliminary injunction are **DISMISSED** without leave to amend.

3. Plaintiff shall file any amended complaint by no later than **March 28, 2012**. **Failure to timely file a second amended complaint will result in the dismissal of this action.**

4. Defendants shall file a responsive pleading within 15 days of service of an amended complaint.

5. The March 16, 2012 hearing is **VACATED**.[1]

**IT IS SO ORDERED.**

---

[1] The Court may not provide legal advice to any party, including *pro se* litigants. There is a "*Pro Se* Clinic" operating within the courthouse that can provide information and assistance about many aspects of civil litigation in this Court. The Clinic is administered by Public Counsel, a public interest law firm, and is staffed by lawyers and a paralegal. The clinic is open to members of the public on Mondays, Wednesdays, and Fridays from 9:30 a.m. to noon and 2:00 p.m. to 4:00 p.m. It is located in room 525 on the fifth floor of the United States Courthouse at 312 North Spring Street, Los Angeles, California. In addition, some information for *pro se* litigants can be found on the Central District's website. *See* Representing Yourself in Federal Courts, http://www.cacd.uscourts.gov/cacd/ProSe.nsf.