UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-00562 DMG (JEMx)** | Date | May 1, 2012 |
| Title | *Ancelmo V. Ramos v. Bank of America, N.A., et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT [Doc. # 36]**

## I.
## INTRODUCTION

On March 27, 2012, Plaintiff Ancelmo V. Ramos filed the operative second amended complaint against Defendants Bank of America, N.A., Impac Funding Corporation, Mortgage Electronic Registration Systems, Inc. ("MERS"), ReconTrust Company, and Deutsche Bank National Trust Company, raising causes of action for fraud and violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. On April 10, 2012, Defendants filed a motion to dismiss the second amended complaint [Doc. # 36], currently set for hearing on May 11, 2012. The Court deems this matter suitable for hearing without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, Defendants' motion is GRANTED.

## II.
## DISCUSSION

### A.   Fraud

To state a claim for fraud in his first cause of action, Plaintiff must allege facts plausibly showing that (1) Defendants made a false representation, concealment, or nondisclosure; (2) with knowledge of its falsity; (3) with intent to defraud; (4) Plaintiff justifiably relied on the misrepresentation; and (5) suffered damages as a result. *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990, 22 Cal. Rptr. 3d 352 (2004) (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 638, 49 Cal. Rptr. 2d 377 (1996)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-00562 DMG (JEMx) | Date | May 1, 2012 |
| Title | *Ancelmo V. Ramos v. Bank of America, N.A., et al.* | Page | 2 of 4 |

### 1.  Bank of America

Plaintiff's only new factual contention in the second amended complaint regarding any defendant is that Bank of America used a false name—Marie Joy Ramos—to collect funds from Plaintiff.  (2nd Am. Compl. ¶ 53.)  Apparently, Plaintiff sent Bank of America a request for information about his loan account and in response Bank of America erroneously sent him a copy of a loan application from another individual with the same last name.  (*See id.*, Ex. S.)  Plaintiff could not have justifiably relied on this information, however, because Bank of America did not send it until October 4, 2011 whereas the events at issue in this lawsuit occurred years earlier.  (*See, e.g.*, Jan. 20, 2012 Ramos Decl. ¶ 5 [Doc. # 5] ("When I finally received a loan modification offer, **sometime in 2008**, the terms of the offer were too high.  Nevertheless, I used my income and my savings to pay this amount for the next few months. . . .  [A]gain I was forced into default.") (emphasis added).  Moreover, the loan application signed by Marie Joy Ramos contains completely different information—including the property address—than the one Plaintiff signed.  (*Compare id.*, Ex. S, *with id.*, Ex. A.)  Thus, Plaintiff could not have justifiably relied on this document as an inducement to make payments to Defendants beginning in or about 2008.

### 2.  Impac

Plaintiff asserts that Impac, the lender, falsely represented to him that it had read and verified the information in his loan application—which it had falsified to grossly overstate his actual income—and concealed this fact from Plaintiff to induce him to sign loan documents including a deed of trust.  (2nd Am. Compl. ¶¶ 49-51.)  Yet, Plaintiff's reliance on this representation was not justified.  As a lender, Impac had no duty to determine Plaintiff's ability to repay the loan.  Impac's verification of his creditworthiness and income was for its own protection, not for Plaintiff's.  *See Perlas v. GMAC Mortg.*, LLC, 187 Cal. App. 4th 429, 436, 113 Cal. Rptr. 3d 790 (2010) (citations omitted).

### 3.  MERS, ReconTrust, and Deutsche Bank

Plaintiff's allegations concerning MERS, ReconTrust, and Deutsche Bank remain vague and conclusory.  Plaintiff contends that MERS "committed fraud by filing false information in the Los Angeles County Recorder['s Office] . . . without the authority to do so."  (2nd Am. Compl. ¶ 44.)  Likewise, he claims that ReconTrust "committed fraud by filing false documentation with the County Recorder's Office without having the authority to do so."  (*Id.*)  Deutsche Bank is alleged to have "committed fraud by pretending to be a 'Trustee' and aiding and abetting fraudulent activity from the other defendants."  (*Id.* (internal citation omitted).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-00562 DMG (JEMx) | Date | May 1, 2012 |
|---|---|---|---|
| Title | *Ancelmo V. Ramos v. Bank of America, N.A., et al.* | Page | 3 of 4 |

The gravamen of Plaintiff's claims against these defendants appears to be that they were not the owners of his debt and falsely represented that they were in an attempt to foreclose on his property. For instance, Plaintiff alleges that Deutsche Bank submitted a claim for $538,982.25 in one of his bankruptcy proceedings on behalf of the mortgage-backed security pool it represents but that he "never entered into any type of agreement with [Deutsche Bank]." (*Id*. ¶ 54, Ex. J.) Plaintiff also alleges that Elisavet Meza and Eva Tapia falsely represented themselves as employees of MERS, ReconTrust, and Deutsche Bank when they executed a substitution of trustee, notice of rescission, and assignment of deed of trust. (*Id*. ¶ 63, Exs. F, G, H.)

Plaintiff fails to show justifiable reliance on representations by MERS, ReconTrust, and Deutsche Bank that he owed them money. Plaintiff asserts that he "relied on" the allegedly false information that MERS and ReconTrust recorded "and regarded the recorded information as true and acted upon it." (*Id*. ¶ 71.) He fails to explain how. Plaintiff also asserts that had he known about the false information in the county records, he would have sought legal remedies at that time (*id*.), which only contradicts his assertion that he relied upon it. In any event, Defendants need not prove that they have standing—*i.e.*, that they hold Plaintiff's debt or are empowered under the deed of trust—in order to commence nonjudicial foreclosure proceedings. *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 268, 129 Cal. Rptr. 3d 467 (2011) (citing *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 121 Cal. Rptr. 3d 819 (2011)).

Plaintiff fails to state a claim for fraud on which relief can be granted. Therefore, Plaintiff's first cause of action for fraud is dismissed with leave to amend.

**B.      Fair Debt Collection Practices Act**

Plaintiff also fails to state a claim under the FDCPA. Plaintiff makes the conclusory assertion that "Defendants are 'Debt Collectors' as defined by 15 U.S.C. § 1692a" and then quotes the statutory definition. (2nd Am. Compl. ¶ 77.) Plaintiff fails to allege any facts that plausibly support his conclusion that Defendants are debt collectors.

Defendants contend that nonjudicial foreclosure is not "debt collection" within the meaning of the FDCPA. (Mot. at 8.) This is not necessarily true. The FDCPA prohibits a debt collector from "[t]aking or threatening to take any nonjudicial action to effect dispossession . . . of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A). Here, Plaintiff alleges that "Defendants are attempting to collect a non-existing debt." (2nd Am. Compl. ¶ 78.) The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-00562 DMG (JEMx)** | Date | May 1, 2012 |
| Title | *Ancelmo V. Ramos v. Bank of America, N.A., et al.* | Page | 4 of 4 |

problem is that Plaintiff fails to allege facts showing *why* the debt no longer exists or never existed in the first place. The fact that a third party named Marie Ramos once filled out a loan application is irrelevant to the facts at issue in this case.

Accordingly, Plaintiff's second cause of action for violation of the FDCPA is dismissed with leave to amend.

### III.
### CONCLUSION

In light of the foregoing, Defendants' motion to dismiss is **GRANTED** and the second amended complaint is **DISMISSED** with leave to amend. Plaintiff shall file any amended complaint by no later than **May 16, 2012**. Defendants shall file a responsive pleading within 15 days of service of any amended complaint. The May 11, 2012 hearing is **VACATED**.

**IT IS SO ORDERED.**