JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-00562 DMG (JEMx)** | Date | July 6, 2012 |
|---|---|---|---|

| Title | *Ancelmo V. Ramos v. Bank of America, N.A., et al.* | Page | 1 of 1 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [Doc. # 48]**

On May 14, 2012, Plaintiff Ancelmo V. Ramos filed the operative third amended complaint against Defendants Bank of America, N.A., Impac Funding Corporation, Mortgage Electronic Registration Systems, Inc., ReconTrust Company, and Deutsche Bank National Trust Company, raising causes of action for fraud and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* On May 29, 2012, Defendants filed a motion to dismiss [Doc. # 48]. The Court took this matter under submission on July 3, 2012 [Doc. # 54].

In Plaintiff's third amended complaint, which largely repeats the allegations in his second amended complaint, Plaintiff again fails to state a factual or legal basis for recovery against Defendants for many of the reasons this Court has already identified in previous Orders. Plaintiff admits that he signed the promissory note and deed of trust at issue but claims that he was "deceived" into signing them. (3rd Am. Compl. ¶¶ 12-13.) He does not explain how. To the extent Plaintiff contends that the note and deed of trust are not enforceable because the lender did not sign them at the same time he did (*see* Opp'n at 6-8 [Doc. # 50]), he is mistaken as a matter of law. Plaintiff was the only party required to sign these instruments. *See Barr v. Schroeder*, 32 Cal. 609, 614-15 (1867) (holding that deed of trust need not be signed by trust beneficiary because beneficiary's assent is presumed upon delivery); *W. Loan & Building Co. v. Scheib*, 218 Cal. 386, 389-90 (1933) (holding that note underlying security instrument becomes effective upon being signed by the borrower and delivered to the lender); *see also* Cal. Civ. Code § 1091 (requiring only trustor's signature on deed of trust).

As Plaintiff has now had three opportunities to amend his complaint, it is clear that he cannot state a claim for relief. Therefore, Defendants' motion to dismiss is **GRANTED** and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|